# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO A. ORTIZ,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>THE CITY OF NEW YORK, a municipal )<br>corporation, NEW YORK CITY POLICE )<br>DEPARTMENT, POLICE OFFICER )<br>DONALD SEHL, SHIELD NO. 2712, )<br>POLICE OFFICER STEPHEN CAREY, )<br>SHIELD NO. 6102, "JOHN and/or JANE )<br>DOES" Nos. 1, 2, 3, etc. (whose identities are )<br>unknown but who are known to be police )<br>officers and employees of the New York City )<br>Police Department), "RICHARD and/or )<br>RACHEL ROES" Nos. 1, 2, 3, etc. (whose )<br>identity is unknown but who are known to be )<br>supervisory personnel of the New York City )<br>Police Department) all of whom are sued )<br>individually and in their official capacities, )<br>)<br>Defendants.  ) | Civil Action No. 13 CV 7367-LTS<br><br>**AMENDED**<br>**SUMMONS** |

To:   Corporation Counsel          PO DONALD SEHL          PO STEPHEN CAREY
      The City of New York         257 Alexander Avenue    357 Alexander Avenue
      100 Church Street            Bronx, New York 10454   Bronx, New York 10454
      New York, New York 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the Plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the Plaintiff's attorney, RICHARD L. GIAMPA, ESQ., P.C., whose address is 860 GRAND CONCOURSE, SUITE 1H, BRONX, NEW YORK 10451. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:                                  Signature of Clerk of Court

                                       _____
                                       Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO A. ORTIZ,<br><br>              Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK, a municipal corporation, PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), "RICHARD and/or RACHEL ROES" Nos. 1, 2, 3, etc. (whose identity is unknown but who are known to be supervisory personnel of the New York City Police Department) all of whom are sued individually and in their official capacities,<br><br>              Defendants. | Civil Action No. 13 CV 7367-LTS<br><br>**AMENDED COMPLAINT** |

       The Plaintiff, MARCO A. ORTIZ, complaining of the Defendants by his attorney, RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon information and belief:

## JURISDICTION

       1.     This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York.

       2.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

## PARTIES

4. At all relevant times, Plaintiff was and is a citizen of the United States.

5. At all relevant times, Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6. At all times mentioned, the New York City Police Department ("NYPD") was a department or agency of the CITY that was and is responsible for the appointment, training, supervision, promotion and discipline of police officers of the NYPD, including Defendants PO DONALD SEHL (Shield No. 2712) and PO STEPHEN CARY (Shield No. 6102) employees of the New York City Police Department, and/or JOHN and/or JANE DOES Nos. 1, 2, 3, etc. and/or RICHARD and/or RACHEL ROES Nos. 1, 2, 3 etc.

## ADMINISTRATIVE PROCEEDINGS

7. On or about March 20, 2013, pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant CITY with a Notice of Claim.

8. More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant CITY.

9. Plaintiff appeared and was questioned at an administrative hearing pursuant to New York General Municipal Law Section 50-h on June 25, 2013.

10. This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and

ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

11.     Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

12.     At approximately 2:30 a.m. in the early morning of March 1, 2013, Plaintiff MARCO A. ORTIZ, a 44 year old Hispanic male, was lawfully present on the sidewalk at East 139th Street and St. Ann's Avenue, Bronx, New York when Defendant police officers whistled at Plaintiff in order to get Plaintiff's attention.  Upon getting Plaintiff's attention, the named Defendant police officers summoned Plaintiff to their police patrol car in which they were sitting. Plaintiff complied with Defendant police officer's demands, approached the police vehicle and presented Defendant police officer's with proper identification to identify himself as MARCO A. ORTIZ.  Defendant police officers then stepped out of the police patrol car and, without legal cause, demanded that Plaintiff sit down on the ground.  Plaintiff refused, stating that he had done nothing wrong.  Plaintiff was told to not speak and physically forced to the ground using extreme force.  Plaintiff did not commit any criminal offense.

13.     Defendant police officers proceeded to spray the Plaintiff in the face with Mace and grab Plaintiff's arms in order to handcuff Plaintiff's hands behind his back.  Defendant police officers were then joined by other on-duty New York City police officers, all of whom proceeded to beat Plaintiff over the head and about the legs and arms with their walkie talkies and metal batons.  The Defendant police officers also kicked Plaintiff in the nose and face, breaking Plaintiff's nose.  Defendant police officers repeatedly punched Plaintiff in the ribs, all in the

4

absence of probable cause.

16. The force used on Plaintiff was unnecessary, unreasonable and excessive. At no time did the Defendant police officers have any legal cause or excuse for Plaintiff's seizure.

15. Defendant police officers then placed Plaintiff in an ambulance and Plaintiff was taken to Lincoln Hospital, where he was restrained to his hospital bed. At no time was Plaintiff processed or charged with any crime.

## LIABILITY OF INDIVIDUAL DEFENDANTS

16. Upon information and belief, at the times and places mentioned above, Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), all of whom are sued individually and in their official capacities, unlawfully suppressed Plaintiff's freedom of speech. Additionally, Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), wrongfully retaliated against Plaintiff's exercise of his First Amendment rights by causing, in whole or in part, and by participating in, his unreasonable seizure and false arrest and imprisonment.

17. Upon information and belief, at the times and places mentioned above, Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or

JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), unlawfully retaliated against Plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

18.     Upon information and belief, at the times and places mentioned above, the Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), intentionally and/or negligently inflicted emotional distress upon Plaintiff.

19.     Upon information and belief, at all relevant times Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), participated in, supervised, ratified or tacitly approved unlawful imprisonment of Plaintiff.

20.     Upon information and belief, at all relevant times Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2,

3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), deprived Plaintiff of his constitutional rights, including the right to be free from the intentional use of unreasonable force.

21. The Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

22. Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

23. Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

24. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and

widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

25. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

26. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the NYPD and of the CITY for a substantial period of time.

27. Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the NYPD and of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

28. Upon information and belief, and without limiting the foregoing, the Defendant CITY has specifically failed to terminate said practices in the following manner:

    (a)    Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;

(b) Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;

(c) Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;

(d) Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and

(e) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

29. The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiff alleged herein.

30. Upon information and belief, Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiff's rights to free speech, freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest and imprisonment, freedom from unreasonable and excessive use of force against his person, equal protection of the laws, and equal privileges and immunities under the laws.

31. Defendant CITY is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

### FIRST CAUSE OF ACTION
(Constitutional Violations -- 42 U.S.C. § 1983)

32. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

33. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving

Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

(a) freedom to engage in protected speech;
(b) freedom from unreasonable seizure of his person;
(c) freedom from arrest without probable cause;
(d) freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
(e) freedom from unreasonable and excessive use of force against his person;
(f) freedom from deprivation of liberty without due process of law; and
(g) equal protection, privileges and immunities under the laws.

34. Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

35. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

36. Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed Defendants in this case, regarding civilians' rights of free speech and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

37. Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights and probable cause and that

10

without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

38. This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(Individual Supervisory Liability
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986)

39. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

40. The individual supervisory Defendants, were, at all relevant times, supervisory personnel in the NYPD, with oversight responsibility for the training, instruction, supervision and discipline of the named and unnamed individual police officer Defendants who deprived Plaintiff of his federal constitutional rights.

41. The individual supervisory Defendants knew or should have known that the individual Defendant police officers were conducting unreasonable and retaliatory seizures and false arrests, and were maliciously prosecuting civilians and depriving civilians of their due process of law.

42. The individual supervisory Defendants were personally involved in failing to take preventative and remedial measures to guard against such constitutional deprivations, such that Plaintiff would not be injured. The supervisory Defendants knew, or in the exercise of due diligence, should have known, that the actions taken against Plaintiff by the unnamed individual police officer Defendants was likely to occur.

11

43. The failure of the individual supervisory Defendants to train, supervise and discipline the unnamed individual police officer Defendants amounted to gross negligence, deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to Plaintiff set forth above.

## FOURTH CAUSE OF ACTION
(New York State Constitutional Violations)

44. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

45. Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a) freedom to engage in protected speech;
    (b) freedom from unreasonable seizure of his person;
    (c) freedom from arrest without probable cause;
    (d) freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
    (e) freedom from unreasonable and excessive use of force against his person;
    (f) freedom from deprivation of liberty without due process of law; and
    (g) equal protection, privileges and immunities under the laws.

46. Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## FIFTH CAUSE OF ACTION
(False Arrest)

47. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

48. Acting under color of law, Upon information and belief, at all relevant times Defendants', PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to

be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

49. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### SIXTH CAUSE OF ACTION
(False Imprisonment)

50. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

51. Acting under color of law, upon information and belief, at all relevant times Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

52. Plaintiff was conscious of, and did not consent to, his confinement.

53. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

54. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

55. The individual Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

56. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

57. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

58. The individual Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## NINTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

59. The Plaintiff MARCO A. ORTIZ hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

60. The individual Defendants' PO DONALD SEHL (Shield No. 2712), PO STEPHEN CARY (Shield No. 6102), JOHN and/or JANE DOES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be police officers and employees of the New York City Police Department), RICHARD and/or RACHEL ROES Nos. 1, 2, 3, etc. (whose identities are unknown but who are known to be supervisory personnel of the New York City Police Department), by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

    (a) failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;
    (b) carelessly and recklessly seized and detained Plaintiff; and
    (c) carelessly and recklessly arrested and detained Plaintiff without a warrant or probable cause.

61. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

**WHEREFORE,** Plaintiff demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
       May 1, 2014

                                    Yours, etc.,

                                    _____
                                    RICHARD L. GIAMPA, ESQ., P.C.
                                    Attorney for the Plaintiff
                                    MARCO A. ORTIZ
                                    860 Grand Concourse, Suite 1H
                                    Bronx, New York 10451
                                    (718) 665-7700