LAW OFFICE OF

# RICHARD L. GIAMPÁ, ESQ., P.C.

860 GRAND CONCOURSE, SUITE 1-H
BRONX, NEW YORK 10451

**RICHARD L. GIAMPÁ**
ATTORNEY AT LAW

**ZACHARY K. GIAMPÁ**
ATTORNEY AT LAW

**BRONX • WESTCHESTER**
Phone: (718) 665-7700
Fax: (718) 665-2861

GIAMPA@RLGFIRM.COM

May 29, 2014

Honorable Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Marco Ortiz v. City of New York, et al., 13-CV-7367 (LTS)

Your Honor,

According to the motion letter by defendant, Assistant Corporation Counsel proffers two basic reasons requesting a stay of the above cited matter. Briefly, stated 1) federal courts should stay this matter because a parallel criminal proceeding is pending and under investigation in the state court and 2) a conflict of interest may arise between the city and the police officer defendant.

First, there is no other parallel criminal state proceeding. The cases cited by the defendant are distinguished from the case at bar because they are truly criminal prosecutions of the plaintiff in state court. They are not CCRB investigations of the arresting police officers. A CCRB investigation is a civilian investigation into the misconduct of police officers. The CCRB board forwards its finding to the police commissioner. No criminal penalties are initiated and their findings aren't binding on anyone. The defendant's reliance on this line of authority is clearly misguided, distinguished and does not provide authority for the requested relief sought.

The CCRB board has been around for decades and there isn't one case to establish this form of relief for defendants attempting to stay civil litigation. Blacks Law Dictionary defines a criminal proceeding as "one instituted and conducted for the purpose either of preventing the commission of crime, or for fixing the guilt of a crime already committed and punishing the offender". Blacks Law Dictionary (Rev. 4th Ed.). New York courts have held that a criminal proceeding is some step taken before a court against some person or persons charged with some violation of the criminal law. McGoldrick v. Downs, 184 Misc. 168, 170-171 (N.Y. Sup. Ct. 1945). Comparing these two definitions of a criminal proceeding with the functions of the CCRB investigation clearly illustrates that the CCRB investigation is not a criminal proceeding.

That brings us to the age old problem of conflict of interest. Virtually all cases of this kind present the POSSIBILITY of the presentation of a conflict of interest for the sovereign. Indeed, New York Courts have held that a potential conflict could exist in any civil rights action whereby a municipality can avoid liability by demonstrating that the employees were not acting within the scope of their official duties because their unofficial actions would not be pursuant to municipal policy. England v. Town of Clarkstown, 166 Misc. 2d 834 (N.Y. Sup. Ct. 1995). Further, under appropriate circumstances where the "possibility" of a conflict of interest exists the court may exercise its discretion and order the disqualification of counsel and the appointment and reimbursement of separate counsel pursuant to N.Y. Pub. Off. Law § 18(3)(b). Id. at 836. Accordingly, a stay to determine the possibility of a conflict is not the proper procedure; instead should the court find the circumstances to be appropriate, the court may disqualify and appoint separate counsel in accord with N.Y. Pub. Off. Law § 18(3)(b).

Before representing the defendants the city evaluated the facts to consider the issues of conflict of interest and decided to represent the defendants. It is in the best financial interest of the city to resolve these issues by finding no conflict. The city is sued along with the police officers. The city is vicariously liable for the wrongdoing of the police officer defendant if he was acting within the scope of his line of duty. The city remains in this case regardless of whether they represent the defendants' policeman or not. The city represented at mediation, that the police officers were justified in their conduct. Clearly a policy decision has already been made. After an investigation they have chosen to represent the defendant police officer. They of course, may change that opinion, but the plaintiff must not be prejudiced because they choose to procrastinate. A stay to re-evaluate the decision not to withdraw is inappropriate, inefficient, speculative and prejudicial to the plaintiff. The issues are elementary and will not change. Either withdraw or represent. The CCRB investigation is neither critical nor binding upon anyone. Its advisory decision is not controlling.

Very truly yours,
RICHARD L. GIAMPÁ, ESQ., P.C.

By: Richard L. Giampá, Esq.

RLG:mq